MOSK, J.—I dissent.
The statement of defendant to Kim P. that he had killed “two others” was part of the res gestae of the offense committed on her. Whether uttered as an historical fact, or merely false bravado, the declaration of defendant was designed to, and undoubtedly did, strike terror in his victim and was a factor in inducing her to abjectly submit to his depredations. That was its sole purpose; it was not intended to be, nor was it, a confession.
In that light, the one isolated admission of defendant did not constitute the type of evidence of “other crimes” which necessitates a specific charge and *64 proof beyond a reasonable doubt in order to be considered in the penalty phase of the trial, as apparently required by Penal Code section 190.4 and by a divided court in People v. Stanworth (1969) 71 Cal.2d 820 [80 Cal.Rptr. 49, 457 P.2d 889]. The statement was related solely to circumstances surrounding the Kim P. events and to her state of mind. And, as the majority properly hold, it was not prejudicial in the guilt phase of the trial. How testimony could lack prejudicial characteristics in one phase of the trial, and then assume monumental and reversible qualities in the later phase of the same trial in front of the same jury defies rational explanation. Indeed, it is anticipated that the jury will consider in the penalty phase all of the evidence, aggravating and mitigating, previously presented to it by both the prosecution and the defense (Pen. Code, § 190.3).
In these circumstances I cannot agree that a casual statement regarding additional actual or mythical offenses, made to Kim P. to facilitate the crime against her, is likely to affect a jury which has heard at length the testimony regarding . wanton brutality that resulted in two charged first degree murders, both very real. If a jury were not induced to return a death verdict after two murders were established in gruesome detail by defendant’s own confession, it would not be influenced to do so by a single statement purporting to boast of two other killings. Even if there were actually two other victims—though they have never been identified—I am not persuaded that four instead of two murders would have had any effect whatever on the ultimate decision of the jury.
The closing argument of the district attorney was improper. However, the record does not disclose any objection by defense counsel; thus the court was not given an opportunity to admonish the prosecutor and to promptly correct his erroneous impression of the law. In any event, there is no reason to believe the jurors were unable to recognize attorney hyperbole when heard in the heat of courtroom battle. The jurors were told that arguments of counsel are not evidence and that the court alone instructs on the law. Counsel also made this point numerous times in opening and closing arguments.
I agree in general with the balance of the majority opinion. Therefore I would affirm the judgment in its entirety.
Richardson, J., and Reynoso, J., concurred.
Respondent’s petition for a rehearing was denied January 19, 1983. Mosk, J., and Richardson, J., were of the opinion that the petition should be granted.